58 So.2d 157 (1951)
BARNES et al.
v.
STATE.
Supreme Court of Florida, Special Division B.
December 4, 1951.
On Rehearing April 1, 1952.
*158 Scofield & Bradshaw, George W. Scofield and D.J. Bradshaw, all of Inverness, and Carroll W. Fussell, Bushnell, for appellants.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst, Atty. Gen., for appellee.
PER CURIAM.
Affirmed.
SEBRING, C.J., TERRELL and CHAPMAN, JJ., and LEWIS, Associate Justice, concur.

On Rehearing Granted.
LEWIS, Associate Justice.
The appellants were informed against on December 12, 1949, upon a charge of an assault with intent to commit murder in the first degree. They were tried under said charge and convicted of an assault with intent to commit murder in the second degree and sentenced to ten years in the State prison, from this verdict and judgment an appeal was taken to this court.
On December 4, 1951 this court in a per curiam order, without opinion, affirmed the verdict and judgment. On January 16, 1952 we granted appellants' petition for rehearing and the cause was later orally re-argued by counsel for appellants and the State.
Appellants have submitted several assignments of error, most of which are without merit. However, after a careful re-study of the record in this cause, we are impressed with the assignment of error concerning the argument of the State Attorney to the Jury.
In his closing argument to the Jury the very able State Attorney at various times made the following statements to the Jury, all of which are assigned as error:
"What if it was your wife or your sister or your daugther that this beast was after."
"You know well enough that if Williams were up here before you being prosecuted for murder, when a man had violated his home and taken his wife, that you would find him not guilty."
"Now, gentlemen, I know about these facts that I am telling you and know further that the defendants were trying to buy their way out of this thing."
"I called those people in there and put them on record before Mr. Scoffield had a chance to get to them, they told me the truth about this thing and then he came over here and taught them what to say on the stand."
"I got to her first before anyone did and she swore to that. When I know there is money in the wind in a case, I get somebody up here and find out what is going on. That is my duty and I will not apologize for it. Some of those witnesses, before Mr. Scoffield got to them, told the truth. That is what this little girl told you; she told you what that lawyer told her to tell you."
All of the foregoing statements were highly prejudicial and improper, under the circumstances of this case.
The law, in this and other jurisdictions, defining the bounds of a prosecuting attorney's discretion in his argument to the Jury in cases of this kind is well settled. Carlile v. State, 129 Fla. 860, 176 So. 862, and cases therein cited.
Some of the State Attorney's remarks, above set forth, were timely objected to and some appear not to have been; however, it is the rule in this State that whether requested to or not it is the duty of the trial judge to check improper remarks of counsel to the Jury and by proper instruction to remove any prejudicial effect such remarks *159 may have created. A judgment will not be set aside because of the omission of the trial judge to perform his duty in the matter, unless objected to at the proper time. This rule is, however, subject to the exception that if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in such event a new trial should be awarded, regardless of the want of objection or exception. It seems to the writer that the remarks set-out herein were of such character that neither rebuke nor their retraction would entirely destroy their influence upon the Jury. They were such that would unduly create, arouse and inflame the sympathy, prejudice and passions of jury to the detriment of the accused.
The language used by the State Attorney, as herein setout, may be likened to the argument of the Assistant State Attorney so recently condemned by this court in Stewart v. State, Fla., 51 So.2d 494.
Such argument of the State Attorney was reversible error.
Appellants also assign as error and questions the right of the State Attorney to call before him under subpoena and examine, under oath, subsequent to the filing of the information, witnesses of the defendant, who had previously been served with subpoena on behalf of the defendants. This assignment is without merit. However, for the benefit of the bench and bar, we will answer. This court has recently considered the question of the use of the process of the Court by the State Attorney and requiring persons to testify before him. Collier v. Baker, 155 Fla. 425, 20 So.2d 652. The appellants here complain of the State Attorney calling before him under process of the court certain witnesses of the defendant, upon whom process had already been issued and served in behalf of the defendants and placing such witnesses under oath and examining them. The State Attorney has this authority under the provisions of Section 27.04, Florida Statutes 1951, F.S.A. The State Attorney is a semi-judicial officer, the lawyer representing the public, in the prosecution of persons accused of crime and his duties are prescribed by statute. By Section 27.04, supra, the State Attorney "is allowed the process of his court to summon witnesses to appear before him in or out of term time, at such convenient places in the county where such witnesses reside, and at such time as may be designated in the summons, to testify before him as to any violation of the criminal law upon which they may be interrogated, and he is empowered to administer oaths to all witnesses summoned to testify by the process of his court." This statute, in Collier v. Baker, supra, has been held by this Court as remedial in nature and should be liberally construed for without it the powers and duties of the State Attorney would be greatly circumscribed and further held that we find nothing in the statute that attempts to limit the power of the State Attorney to interrogate witnesses, except that the subject matter of the interrogation be confined to the violation of any criminal law. The statute, Section 27.04, is somewhat analogous to Rule B, Section 1, paragraph 39, of the Code of Ethics Governing Attorneys, 31 F.S.A., which rule was discussed in Mathews v. State, Fla., 44 So.2d 664, and the State Attorney under section 27.04, supra, and Rule B, supra, not only had the right, but it was his plain duty to call before him and to interview and examine any witness whom he had reason to believe knew facts concerning the violation of any criminal law. It is the duty of the State Attorney to interrogate witnesses and if the sworn testimony justifies, to file informations and to prosecute thereon, but even after the filing of such information, if sufficient sworn facts come to his attention that the prosecution is not justified, then it is just as much his duty to dismiss the charge, as it would be to prosecute, if facts were otherwise, Therefore, it is the State Attorney's duty, as far as humanly possible, to examine, under oath, any witness whom he has good reason to believe may possess facts concerning the violation of the criminal laws, and which would be brought to trial. He should interview these witnesses so at to be able to ascertain the truth concerning the charge in controversy, either for use in prosecuting the case or have for use in recommending the dismissal *160 of the cause. In interviewing these witnesses, the State Attorney was under no obligation to secure the authority or permission of defendant, or his counsel, merely because of the fact that the defendant may have previously subpoenaed them to appear as witnesses for defendant. As stated by this court, in Mathews v. State, supra, in quoting from State v. Papa, 32 R.I. 453, 80 A. 12, 15:
"Witnesses are not parties, and should not be partisans. They do not belong to either side of the controversy. They may be summoned by one or the other or both, but are not retained by either. It would be a most unfortunate condition of affairs if a party to a suit, civil or criminal, should be permitted to monopolize the sources of evidence applicable to the case to use or not as might be deemed most advantageous. Such a proceeding in a criminal case would violate the provisions of the Constitution.
"* * * But in the interviews with an examination of witnesses, out of court, and before the trial of the case, the examiner, whoever he may be, * * * must exercise the utmost care and caution to extract and not to inject information, and by all means to resist the temptation to influence or bias the testimony of the witnesses. * * * If it was charged that an attorney had been guilty of such impropriety, it would constitute cause for the disciplinary action of the court".
The statute, Section 27.04, supra, being liberally construed, the State Attorney has the right to call before him under the process of the court and examine, under oath, any person whom the State Attorney has reason to believe may have any information concerning the criminal cause under investigation, either before or after indictment or information filed, or before or after such person may have been served with subpoena as a witness for any defendant, so long as such examination is carried on in a lawful manner. We hold that the enunciation of the Rhode Island Court, in the case of State v. Papa, supra, quoted in this opinion, is the correct rule and is applicable in this jurisdiction.
The remaining assignments of error have been duly considered and are found to be without merit.
The assignment concerning the argument of the State Attorney to the Jury having been found to be reversible error, the judgment appealed from should be reversed and the case remanded for a new trial.
Reversed.
SEBRING, C.J., and TERRELL and CHAPMAN, JJ., concur.