PER CURIAM.
Appellant, William Henry Whealton, brings this appeal from a County Judge’s order adjudging him an incompetent.
After a petition signed by Isaac E. Whealton was filed initiating the hearing, an examining committee was appointed to determine Appellant’s competency. The committee examined Appellant and reported that “ * * * he is incompetent, the apparent cause being Schizophrenic Reaction, Paranoid Type, chronic, severe.” After their determination Appellant was taken into custody and examined by the court at the hearing.
Appellant contends that the court erred in not allowing him to examine the physician’s report which was used by the court in determining the question of competency.
Section 394.22(4), F.S.A., provides that “[t]he court shall receive all relevant and material evidence which may be offered and shall not be bound by the rules of evidence.” In Section 394.22(9), F.S.A., it is provided that the judge shall make his determination as to the competency based upon the report of the examining committee and the hearing.
We are of the view that an ambiguity exists between the two sections of Florida Statute, Chapter 394, as set out above, and *229 •that such ambiguity should be resolved in favor of the alleged incompetent by reason lof the nature of the incompetency proceedings. The order of the County Judge adjudicating the appellant incompetent is .hereby reversed and this cause is remanded to the lower court for proceedings consistent with this opinion.
SHANNON, Acting C. J., HOBSON, J., and HEWITT, ROBERT S., Associate Judge, concur.