352 So.2d 1212 (1977)
Frances E. SULLIVAN, Appellant,
v.
STATE of Florida, Appellee.
No. GG-290.
District Court of Appeal of Florida, First District.
November 22, 1977.
Rehearing Denied January 10, 1978.
Michael J. Minerva, Public Defender, Catherine L. Dickson and Louis G. Carres, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., Susan E. Mole and Pamela L. Lutton, Asst. Attys. Gen., for appellee.
MELVIN, Judge.
We review the order of the circuit court denying appellant the right to receive a copy of the most recent clinical summary as to his mental condition as prepared by the staff of the Florida State Hospital. He claims entitlement to such record based upon Section 394.459(9), Florida Statutes (1975). The record reveals the policy of the hospital is to deny a patient access to such record. No testimony was offered as to any possible adverse effect the review of the record would have on the defendant.
The pertinent part of said section provides:

*1213 "... The clinical record shall not be a public record and no part of it shall be released, except:
(a) The record may be released to physicians, attorneys, and government agencies as designated by the patient, his guardian, or his attorney... ." (Emphasis supplied)
Any ambiguity in the statute as to whether the report should be released to the patient should be resolved in favor of the patient. Whealton v. Whealton, 184 So.2d 228 (Fla.2d DCA 1966). The legislature, in its wisdom, placed with the patient the right to designate the person and agencies named in the section who may have access to his record. It would follow that, in order to properly exercise that right, the legislature clearly intended that the patient have access to the record in order to determine whether and to whom he wished the report to be released.
REVERSED for further proceedings consistent with this opinion.
MILLS, Acting C.J. and SMITH, J., concur.