368 So.2d 1340 (1979)
ABLE BUILDERS SANITATION CO., and Independent Portable Sanitation, Inc., Petitioners,
v.
The STATE of Florida, Respondent.
No. 78-1690.
District Court of Appeal of Florida, Third District.
March 13, 1979.
Rehearing Denied April 16, 1979.
*1341 Bierman, Sonnett, Beiley & Shohat and Lawrence E. Besser, Fine, Jacobson, Block, Goldberg & Semet and Theodore Klein, Miami, for petitioners.
Janet Reno, State's Atty. and Stephen V. Rosin, Asst. State's Atty., for respondent.
Before PEARSON, BARKDULL and HUBBART, JJ.
HUBBART, Judge.
This is an original petition for a writ of certiorari seeking review of a trial court order which refused to quash a state attorney investigative subpoena duces tecum in a criminal case. All agree that we have jurisdiction to entertain the petition. Art. V, § 4(b)(3), Fla. Const.; Fla.R.App.P. 9.100(a); see: Seaboard Air Line R. Co. v. Timmons, 61 So.2d 426 (Fla. 1952); Travelers Indemnity Co. v. Salido, 354 So.2d 963 (Fla. 3d DCA 1978).
The central question presented for review is whether a state attorney under Section 27.04, Fla. Stat. (1977), may validly issue and enforce an investigative subpoena duces tecum on a corporation when (a) the subpoena is returnable after the state has filed an information against such corporation, and (b) the subpoena seeks the production of documents which the state is not entitled to under the discovery provisions of the Florida Rules of Criminal Procedure. We hold that the state may not validly issue or have enforced such a subpoena duces tecum. Accordingly, we grant the petition for writ of certiorari and quash the order under review.

A
The facts of this case are undisputed. On August 1, 1978, the State Attorney for the Eleventh Judicial Circuit of Florida filed an information charging a number of corporations and other parties with an illegal combination in restraint of trade [§ 542.05, Fla. Stat. (1977)] before the Circuit Court for the Eleventh Judicial Circuit of Florida. Two of the corporations charged in the information were petitioners Able Builders Sanitation Co. and Independent Portable Sanitation, Inc. Prior thereto, the state attorney had issued an ex parte investigative subpoena duces tecum [under § 27.04, Fla. Stat. (1977)] which was returnable on August 18, 1978 or seventeen days after the above information had been filed. The subpoena duces tecum directed the petitioner Able Builders, through its registered agent Stanford Freedman, to produce certain corporate documents to wit: price lists, rental bills, and control cards pertaining to the rental of portable toilet units from January 1, 1976 through July 31, 1978. All agree that such corporate documents were directly relevant to the instant prosecution. The parties further agree that this or a similar subpoena duces tecum was also served on the petitioner Independent Portable Sanitation.
It appears without dispute that the petitioner did not invoke the reciprocal discovery provisions of the Florida Rules of Criminal Procedure subsequent to the filing of the information herein by filing a demand for reciprocal discovery under Fla.R. Crim.P. 3.220. The petitioners filed appropriate motions to quash the subpoena duces tecum served upon them, which motions the trial court denied. This petition for writ of certiorari follows.

B
It is the established law of Florida that the state attorney under Section 27.04, Fla. Stat. (1977), may subpoena witnesses, either before or after an indictment or information has been filed, to take ex parte testimony in his office as to any violation of the criminal law within his jurisdiction. Gordon v. Gerstein, 189 So.2d 873 (Fla. 1966); Barnes v. State, 58 So.2d 157 (Fla. 1952). This investigative power, however, may not be exercised in such a way as to defeat the discovery provisions of the Florida Rules of Criminal Procedure. It is therefore clear that under Fla.R.Crim.P. 3.220(b)(3) a state attorney must (1) give reasonable notice to defense counsel as to the time and place a subpoenaed witness is to be examined under the above statute and *1342 (2) allow defense counsel to be present and to examine the subpoenaed witness, where an indictment or information has been filed and the defendant has furnished the state with a list of witnesses he expects to call at the trial or hearing, which list contains the name of the witness the state has subpoenaed. Similarly, the state may not use its investigative subpoena power after an indictment or information has been filed to discover documents and other physical evidence from the defendant which the state is not otherwise entitled to under the reciprocal discovery provisions of the Florida Rules of Criminal Procedure. Any other result would allow the state to violate the criminal discovery rules of the Supreme Court with impunity, a result which we cannot countenance.
All agree that the materials herein sought by the subpoena duces tecum were not discoverable by the state under the applicable discovery provisions of the Florida Rules of Criminal Procedure. The petitioners herein had been informed against and had not filed a demand pursuant to Fla.R.Crim.P. 3.220(a)(xi) for the state to allow them to inspect any tangible papers or objects which the state intended to use in the hearing or trial and which did not belong to the petitioners. In fact, no reciprocal discovery demand was filed in any form by the petitioners under Fla.R.Crim.P. 3.200. As a consequence, the petitioners were not obligated under Fla.R.Crim.P. 3.220(b)(4)(iii) to produce for the state's inspection "[a]ny tangible papers and objects which [they] intend[ed] to use in the hearing or trial." Indeed, even if such a reciprocal discovery demand had been filed by the petitioners, the state would have been limited to a subpoena duces tecum of those documents the petitioners intended to use at trial or at a hearing in this cause. It is therefore clear that the subpoena duces tecum issued by the state in the instant case could not properly be enforced and should have been quashed upon the petitioner's motions.
The state argues that Barnes v. State, 58 So.2d 157 (Fla. 1952), authorizes the state attorney to employ his investigative subpoena power under Section 27.04, Florida Statutes (1977), to obtain, as here, discovery materials which are denied to him by the Florida Rules of Criminal Procedure. We cannot agree. No reading of Barnes suggests such an expansive holding. Indeed, the Florida Rules of Criminal Procedure with its detailed discovery provisions had not been adopted by the Florida Supreme Court at the time of the Barnes decision and such issue was therefore not before the Court. See: Datz, Rules of Criminal Procedure, 42 Fla.Bar J. 285 (1968); In re Florida Rules of Criminal Procedure, 196 So.2d 124 (Fla. 1967); 272 So.2d 65 (Fla. 1972); 343 So.2d 1247 (Fla. 1977). Moreover, it is axiomatic that the state has no statutory authority to disregard the discovery provisions of Florida Rules of Criminal Procedure.
The petition for a writ of certiorari is granted, the order under review is quashed and the cause is remanded to the trial court for further proceedings.