Alvin J. Taylor Secretary, Department of Health and Rehabilitative Services Tallahassee
QUESTION:
Is an administrator of a Department of Health and Rehabilitative Services-approved or D.H.R.S.-designated private mental health facility required by law to make the clinical records of an allegedly abused patient available to a department abuse investigator for his examination during the course of an abuse investigation pursuant to s. 827.09(6), F. S.?
SUMMARY:
Sections 394.459(9) and 827.09(6), F. S., do not require the administrator of a Department of Health and Rehabilitative Services-approved or D.H.R.S.-designated mental health facility to make the clinical records of an allegedly abused patient available to the department's abuse investigators for their inspection and examination during the course of an abuse investigation pursuant to s. 827.09(6).
Your question is answered in the negative.
I first note that the clinical records maintained for mental health patients do not appear to be subject to public inspection and examination under the Public Records Law, ch. 119, F. S. Even if the private facility in question is deemed to be a `private agency . . . acting on behalf of any public agency [the department]' within the meaning of s. 119.011(2), these clinical records are made confidential; and their public disclosure or release is prohibited by s. 394.459(9), F. S., except as otherwise specifically provided for therein. Therefore, such records fall within the purview of s. 119.07(3)(a) and are exempted from public inspection and examination as provided for in s. 119.07(1)(a).
The Florida Mental Health Act intends, among other things, that individual dignity and human rights be guaranteed to all persons admitted to public or private mental health facilities. See ss.394.453 and 394.459, F. S. Among the rights guaranteed to all patients receiving evaluation and treatment in a public or private mental health facility which renders services pursuant to the provisions of the Mental Health Act are ready access to the means and procedures for reporting alleged abuses. Section 394.459(5)(e) and (f). Cf. s. 827.09(3)(b), F. S. Section 394.459(9) provides that a patient's clinical records shall not be public records, and no part of these records may be released except as specifically provided for in that subsection; subsection (9) then specifies that:
 Unless waived by express and informed consent by the patient or his guardian or attorney, the privileged and confidential status of the clinical record shall not be lost by either authorized or unauthorized disclosure to any person, organization, or agency.
Section 394.459(9)(a), F. S., in pertinent part, then provides that `[t]he record may be released to mental health professionals [as defined by s. 394.455(2), F. S.] . . . and government agencies as designated by the patient, his guardian, or his attorney.' Cf. Sullivan v. State, 352 So.2d 1212 (1 D.C.A. Fla., 1977) (in order to exercise the right of designation, the patient has the right of access to his clinical record in order to determine whether and to whom the patient wishes the record to be released). While paragraph (9)(b) requires the clinical record to be produced in response to a subpoena or released to persons authorized by order of court (excluding matters privileged by other provisions of law), neither the department nor its abuse investigators are authorized to apply for such subpoena or court order, and no procedure therefor is provided in connection with an abuse investigation. Paragraph (9)(c) facially authorizes but does not require disclosure by the private facility, and it does not authorize or require access to or examination of clinical records for the purposes of s. 827.09(6), F. S., or prescribe any procedures therefor. No authority is vested in the department or its abuse investigators to compel access to, or disclosure of, these clinical records to the department's abuse investigators or to enter upon the premises of a privately owned and operated facility to search any of its books, records, or documents in furtherance of any abuse investigation pursuant to s. 827.09(6).Cf. the language of ss. 458.341 and 465.017, F. S.
No exception having been provided in s. 394.459(9), F. S., for the purposes of s. 827.09(6), F. S., no such exception may be implied to have been intended by the Legislature. See Williams v. American Surety Company of New York, 99 So.2d 877, (2 D.C.A. Fla., 1958), and State Road Department v. Levato, 192 So.2d 35 (4 D.C.A. Fla., 1966). See also Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). Moreover, the exceptions specified in s. 394.459(9) are to be strictly construed, Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957), and Coe v. Broward County, 327 So.2d 69 (4 D.C.A. Fla., 1976), aff'd 341 So.2d 762 (Fla. 1976). Any ambiguity in such exceptions is ordinarily construed in a manner that restricts the use of the exception or exceptions. State v. Nourse, 340 So.2d 966
(3 D.C.A. Fla., 1976). Unless the right to an exception is clearly apparent in the statute, no benefits thereunder will be permitted. State v. Nourse, supra. Applying these rules of construction to the exceptions from the prohibitory provisions of s. 394.459(9), spelled out in paragraphs (a)-(d) thereof, I am constrained to conclude that none of these exceptions are applicable to or permit the inspection and examination of the subject clinical records by the department's abuse investigators for the purposes of and during the course of an abuse investigation pursuant to s. 827.09(6).
While s. 827.09(6), F. S., requires that the department cause an investigation to be made upon receipt of a report of an abuse, it does not mandate that a private mental health facility disclose or release a patient's clinical records to the department's investigators; proscribe the refusal to so disclose or release such clinical records; or prescribe any procedures to compel access to, or disclosure or examination of, such clinical records during the course of an abuse investigation. Neither does it purport to empower the department's abuse investigators to enter upon the premises of a private facility for the purpose of searching its books, documents, or records or a patient's records in the course of an abuse investigation pursuant to s. 827.09(6), nor does this statute prescribe any procedures therefor or for obtaining a subpoena or court order for the production of such records. While s. 827.09(6) makes it the duty of `[a]ll state, county and local agencies' to cooperate fully with the department, no such duty is imposed upon or required of a private mental health facility or its administrator, and the quoted terms, in the context in which employed, do not clearly embrace a privately owned and operated mental health facility; rather, the context seems to apply only to state and local governmental agencies.
The department, upon determining probable cause in a given investigation under s. 827.09(6), F. S., is required to notify the state attorney and, when appropriate, to transmit all reports of abuse received by it and the results of its investigations to the appropriate state attorney of the county where the abuse incident occurred, pursuant to s. 827.09(8). The affected state attorney, in his official capacity pursuant to his investigative subpoena power and subject to applicable constitutional, statutory, and common-law limitations and the Rules of Criminal Procedure, is allowed the process of the court to activate such subpoenas duces tecum as he determines to be necessary for the production of the subject clinical records. Cf. Imparato v. Spicola, 238 So.2d 503
(2 D.C.A. Fla., 1970); General Motors Corporation v. State,357 So.2d 1045 (3 D.C.A. Fla., 1978); State v. Jett, 358 So.2d 878 (3 D.C.A. Fla., 1978); and Able Builders Sanitation Co. v. State,368 So.2d 1340 (3 D.C.A. Fla., 1979).
Prepared by: Bill Hall, Assistant Attorney General