### STATE OF FLORIDA v. ACUNA, et al
No. 81-080 AC
Circuit Court, Eleventh Circuit, Appellate Division
April 19, 1982

Janet Reno State Attorney and Ira N. Loewy, Assistant State Attorney, for appellant.

Magill, Reid, Kuvin and Lewis and R. Fred Lewis, for appellee Robert Acuna.

Bennett H. Brummer, Public Defender and Karen M. Gottlien, Assistant Public Defender, for appellee Paul DeRibas.

Before DURANT, KORVICK, RIVKIND, JJ.

PER CURIAM.

_____

The State of Florida appeals from an order dismissing an Information. This Court has jurisdiction pursuant to F.R.App.P. 9.140(c)(1)(A). We reverse and hold that under the investigatory powers conferred by Section 27.04, Florida Statutes, the State Attorney may subpoena a person suspected of committing a crime for the purpose of compelling him to pose for photographs *prior* to the filing of an Information. The lower Court thus erred in dismissing the Information on grounds that the State Attorney violated F.R.Cr.P. 3.220(b)(1)(iv)[1] by compelling Appellees to pose for photographs prior to the filing of the Information against them.

Appellees Acuna and DeRibas[2] were charged by Information with the misdemeanor of battery upon one Mark Mitchell. *Prior* to the filing of the Information, both Acuna and DeRibas were subpoenaed by the State Attorney for the purpose of being photographed. Both appeared at the State Attorney's office and, over objection, were photographed.[3] Thereafter, the subject Information was filed. Appellees each moved to dismiss the Information on grounds that they were immunized from prosecution. Appellees asserted that their constitutional rights against self-incrimination were violated when they were compelled by the State Attorney to pose for photographs. Pursuant to hearing, the County

_____

[1] F.R.Cr.P. 3.220(b)(1)(iv) provides in pertinent part that "after the filing of the indictment or information and subject to constitutional limitations, a judicial officer may require the accused . . . to pose for photographs. . . ."

[2] At the time of the purported battery, Acuna and DeRibas were Sweetwater Police Officers.

[3] After DeRibas objected to having his photograph taken, a hearing was held before Circuit Court Judge Jorgenson who ordered DeRibas to submit for photographs or be held in contempt. Thereafter, DeRibas submitted to having his photograph taken.

Court granted Appellees' motions to dismiss. In a written order of dismissal, the lower Court ruled that the "State Attorney's office violated the provisions of F.R.Cr.P. 3.220(b) by compelling said defendants to pose for photographs prior to the filing of the Information over their timely objection in clear contravention of the subject Rule." The Court found that the State Attorney's office "displayed said photographs to the State's witnesses in order to build its case against said defendants and thereby tainted the State's case to such an extent that the only adequate remedy available to protect the defendants constitutional rights is dismissal." The State has timely appealed from the order of dismissal.

In Florida, the State Attorney is the "investigatory and accusatory arm of the judiciary." He has loosely been referred to as a "one man grand jury." *Imparato v. Spicola,* 238 So.2d 503 (Fla. 2 DCA, 1970). State Attorneys are vested with the duty to prosecute. Investigatory activity is necessary to the efficient execution of the prosecutor's duty. *State v. Demanio,* 294 So.2d 639 (Fla.1974). Section 27.04, Florida Statutes, authorizes investigation by the State Attorney, allowing him to subpoena witnesses both *before* and after an Information is filed. *Able Builders Sanitation Co. v. State,* 368 So.2d 1340 (Fla.3 DCA, 1979). The State Attorney's investigatory power is limited by the discovery provisions of the Florida Rules of Criminal Procedure *only after* an Information has been filed.[4]

Of course, the State may not use its investigative power to circumvent the discovery provisions of F.R.Cr.P. 3.220. However, unlike the situation in *Able Builders Sanitation Co. v. State,* supra, the State is not here using its investigative powers to obtain evidence that it would not, otherwise, be entitled to under the reciprocal discovery provisions of F.R.Cr.P. 3.220. Paragraph (b)(1) of that Rule relates to the duty of the accused to disclose to the prosecution and does not involve any reciprocal discovery obligations. We must thus reject Appellees' contention that F.R.Cr.P. 3.220(b) provides the only avenue by which the State may compel an individual to be photographed.[5]

---

[4]F.R.Cr.P. 3.220 was taken from A.B.A. Standard 3.1 relating to Discovery and Procedure Before Trial. The commentary thereto points out that the purpose of the subject provision is to establish "procedures by which the prosecutor can discover information about the person of the accused after charges are filed." The commentary suggests that the rule was not designed to affect the prosecutorial investigative process which normally occurs (and is completed) prior to the filing of charges.

[5]At the hearing on the motion to dismiss, Appellees appear to concede that an individual may be photographed incident to a lawful arrest.

Compelling an individual to pose for photographs does not violate his Fifth Amendment Right against compulsory self-incrimination.[6] *Schmerber v. California,* 384 U.S. 75, 86 S.Ct. 1826 (1966); *United States v. Wade,* 388 U.S. 24, 87 S.Ct. 1926 (1967). It is clear that the compelled display of identifiable physical characteristics infringes *no* interest protected by the privilege against compulsory self-incrimination. *Clark v. State,* 379 So.2d 97 (Fla.1979); *Lusk v. State,* 367 So.2d 1088 (Fla.3 DCA, 1979). A defendant may be supoenaed before a grand jury to (a) be fingerprinted; (b) give voice identification; and (c) stand in a lineup. *United States v. Dionisio,* 410 U.S. 1, 93 S.Ct. 764 (1973); *United States v. Mara,* 410 U.S. 19 (1973). A grand jury directive that an individual be photographed was upheld in *United States v. Balliro,* 558 F.2d 1177 (5th Cir.1977).

We thus conclude that under the investigative powers conferred by Section 27.04, Florida Statutes, the State Attorney may, prior to the filing of an Information, subpoena a person suspected of committing a crime for purpose of compelling him to submit to photographs.[7] Appellees are not entitled to immunity under Section 914.04 since they were not compelled to do anything testimonial in nature.

---

[6]The exercise of this authority prior to the filing of the Information does not infringe upon a defendant's Fifth Amendment Rights. For purposes of Fifth Amendment analysis, the stage of the proceedings at which the defendant is compelled to display identifiable physical characteristics is simply irrelevant. Such consideration, however, is relevant to determine at what point a defendant would be entitled to the representation of counsel. Under Supreme Court decisions a person's Sixth Amendment right to counsel attaches at or after the time an Information or Indictment has been filed against him. However, counsel need not be provided to a defendant at the time he is photographed since same is not a critical stage of the proceedings. Thus any assertion that the provisions of F.R.Cr.P. 3.220 affect appellees' right to counsel is unfounded.

[7]But see United States v. O'Kane, 439 F.Supp. 211 (S.D., Fla. 1977) which holds that United States Attorney may not require a person to give handwriting samples without a grand jury directive. However, O'Kane is distinguishable because in that case the defendant was subpoenaed by the grand jury where at present the appellees were subpoenaed by the State Attorney pursuant to lawful investigative power. Imparato v. Spicola, supra.

32

In conclusion, we hold that the trial Court's dismissal of the Information was erroneous and should be reversed.[8] This is so because the State Attorney has authority, pursuant to Section 27.04, Florida Statutes, to subpoena a person suspected of committing a crime for the purpose of compelling him to pose for photographs. The exercise of this authority prior to the filing of the Information does not infringe upon that individual's constitutional right against self-incrimination or violate any of the discovery rights guaranteed a criminal defendant under F.R.Cr.P. 3.220.

[8]Even if the provisions of the discovery rule were violated, dismissal is too extreme a sanction since no prejudice accured to appellees. Here, at the hearing on the motion to dismiss, defense counsel all but conceded that the State, prior to the photographs being taken, had the requisite probable cause to file an Information against appellees.