STATE *ex rel.* WILLIAM J. COOPER v. D. C. COLEMAN,
Sheriff of Dade County.

189 So. 691
Division A
Opinion Filed June 9, 1939

*Bart A. Riley,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—The writ of error brings for review a judgment in habeas corpus proceedings remanding petitioner to the custody of the sheriff.

Plaintiff in error presents one question for our consideration, which is stated as follows:

"Has an assistant state attorney the right to administer an oath to and examine a witness, and make such examination a predicate for the filing of an information for perjury against the witness so testifying?"

The information under which petitioner was held is as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA: ROBT. R. TAYLOR, County Solicitor for the County of Dade and State of Florida, in the said county, under oath, information makes that WILLIAM J. COOPER of the County of Dade and State of Florida, on the 18th day of May, in the year of our Lord, one thousand nine hundred and thirty-eight, in the County and State aforesaid, did then and there unlawfully, wilfully, knowingly, corruptly and falsely commit the crime of perjury in the manner and form as follows, that is to say, that on May 18, 1938, before the Honorable Joseph Otto as Assistant State Attorney, in and for the Eleventh Judicial Circuit of Florida, prosecuting for the State of Florida, in and for Dade County, under the supervision and direction of the State Attorney, G. A. Worley, a certain investigation was then and there pending wherein the State Attorney, G. A. Worley was investigating a petition for validation of One Million Thirteen Thousand ($1,013,000.00) dollars refund bonds for the City of Hialeah, Florida, which was then and there pending in the Supreme Court by virtue of an appeal from the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Dade County; that in pursuance of said investigation the said Honorable G. A. Worley, as State Attorney of the Eleventh Judicial Circuit in and for Dade County, Florida, did then and there cause to be issued by the Honorable E. B. Leatherman, Clerk of the Circuit Court in and for the Eleventh Judicial Circuit, in and for Dade County, Florida, under the seal of the said court, a subpoena directed to all and singular the sheriffs of the State of Florida commanding the said sheriffs all and singular to summon the defendant herein, William J. Cooper, to be and appear before the said Honorable G. A. Worley, as State Attorney in and for the Eleventh Judicial Circuit in and for Dade County, Florida, at his office, in the Court House,

Miami, Florida, to testify and the truth to speak in the matter then and there pending before the said State Attorney.

"That the Clerk of the Circuit Court, to-wit: E. B. Letherman, delivered said subpoena, duly executed under seal of said Court, to the Honorable D. C. Coleman, Sheriff of Dade County, Florida, as executive officer of the Circuit Court in and for the Eleventh Judicial Circuit of Dade County, Florida, and by and through his duly appointed deputy, the said D. C. Coleman, received the subpoena and duly executed the same in Dade County, Florida, by delivering a true and correct copy thereof to the defendant, William J. Cooper.

"And, thereupon, the said defendant herein, William J. Cooper, having been lawfully and duly subpoenaed, as aforesaid, appeared in person at the State Attorney's office, in the Court House, Miami, Florida, and was duly sworn by one Jeseph Otto, the duly appointed, qualified and acting Assistant State Attorney of the Eleventh Judicial Circuit of the State of Florida in and for Dade County, to tell the truth on oath in said proceeding and investigation then pending relating to the validation of said bonds; that at the time of the issuing of said subpoena and administering of said oath the said Joseph Otto, was the duly appointed, qualified and acting Assistant State Attorney in and for the Eleventh Judicial Circuit of the State of Florida in and for Dade County and was authorized by law to administer said oath to the said defendant, William J. Cooper, and the said matter then and there pending and being investigated by the State Attorney was a matter which the State Attorney had lawful jurisdiction to investigate.

That the defendant William J. Cooper, having been duly subpoenaed and while under lawful oath, as herein described, in the proceedings, as aforesaid, and while as a

witness, did wilfully, knowingly, intentionally, corruptly and falsely swear, testify and state as follows', in answer to the following questions put before the said Joseph Otto, as Assistant State Attorney, as aforesaid:

"Q. And then this question was· asked you: 'Did you pay him $25.00 a week?' And your 'answer was: 'Certainly not; that would have been an absurd thing to do; Mr. Stripling is one man out there I would never pay anything to do,' I want to ask you whether or not you would like to correct that statement?

"A. No, sir, I never paid Mr. Stripling anything.

"Q. As a matter of fact, didn't you pay him $25.00 a week for a time?

"A. No, sir, I did not. There was quite a bit of kidding back and forth about it because a. lot of them would say you could pay him to do anything; but I did not." Whereas, in truth and in fact, the defendant, William J. Cooper, at the time of giving the testimony herein described, in truth and fact paid Mr. John R. Stripling, the man referred to in said questions and answers as Mr. Stripling, the sum of Twenty-five ($25.00) Dollars per week for a number of weeks, the precise number of which weeks is to the County Solicitor unknown, whereas in truth and fact the matters, aforesaid, so unlawfully, wilfully, knowingly, intentionally, corruptly and falsely sworn to by the defendant, William J. Cooper, were then and there material to the issue in the proceeding and investigation then and there pending before the State Attorney, and the same were false and untrue, and the said defendant, William J. Cooper, well knew that the same were false and untrue at the time he so testified, and the defendant, William J. Cooper, did then and there unlawfully, knowingly, wilfully, intentionally, corruptly and falsely commit the crime of perjury, contrary to the form

of the statute in such cases made and provided, and against the peace and dignity of the State of Florida.

"ROBT. R. TAYLOR, County Solicitor, Dade County, Fla."

The Honorable Paul D. Barns, Judge of the Circuit Court in and for the Eleventh Judicial Circuit of Florida, in remanding the petitioner, prepared and filed his opinion in support of his judgment in the following language:

"The question before the court for decision is whether or not one testifying falsely after being sworn by an Assistant State Attorney can be guilty of perjury for statements made upon an inquiry concerning a bond issue validation.

"The office of 'Assistant State Attorney' was created by Chapter 16784, Acts of 1935, which provides that he is to be 'vested with all the powers and shall discharge all the duties of the State Attorney, etc.'

"Section 4741 C. G. L. (3007 R. G. S.) concerning the State Attorney provides:

" 'It shall be his duty to have summoned all witnesses required on behalf of the State; and he is allowed the process of his court to summon witnesses to appear before him in or out of term time, at such convenient places in the county where such witnesses reside, and at such time as may be designated in the summons; to testify before him as to any violation of the criminal law upon which they may be interrogated, and he is empowered to administer oaths to all witnesses summoned to testify by process of his court.'

"The office of the State Attorney is a creature of the Constitution (Art. V. Sec. 15); however, the Constitution directs that the duties of the State Atorney shall be 'prescribed by law.'

"Laws should be consrued so as to give them effect and so as to carry out the intent, for otherwise the last quoted statute would mean nothing, in as much as the words 'State.

Attorney' is not used in such section nor any preceding sections. Such words only appear as catchwords preceding a prior section; however, it is clear that by reading into the law the catchwords the law can be made to mean something.

"Laws penal in their nature should be construed strictly, while laws remedial in their nature should be construed liberally. The Act concerning powers of the State Attorney is remedial in its nature, for without it his duties and powers would be very much circumscribed.

"It is contended on behalf of the petitioner that Section 4741 C. G. L. should be so construed as to limit the power to administer an oath to issues involving a crime and before a court.

"The foregoing statute specifies that the witness may be summoned 'to testify before him as to any violation of the criminal law' which of course, liberally interpreted, would have to be construed in such a way as to authorize the witness to be interrogated as to matter going to determine whether there had been any violation of the criminal law. The interrogation of such witness might disclose that no crime had been committed. It may be noted that the witness is required to appear before the State Attorney, not before a court, and the witness is not required to appear in court; he may be required to appear at 'convenient places;' and if the statute is to be construed strictly and there has been no crime committed, the summons would doubtless be illegal. Such a construction would be a strict construction.

"It is my conclusion that the Assistant State Attorney has the same powers and duties as the State Attorney (subject to the restrictions of the State Attorney as provided by law); that he may administer an oath when in pursuance of the discharge of his official duties and that such is not confined to prosecution of criminal offenses

against the State by reason of the language of Section 4741 reading as follows: 'and he is empowered to administer oaths to all witnesses summoned to testify by the process of his court.' Of course, to determine that such power rests in a State Attorney or Assistant State Attorney puts at rest the question of whether or not perjury can be committed by falsely swearing under an oath so administered.

"WHEREFORE, in consideration of the premises, it is ORDERED AND ADJUDGED that the petitioner be and he is hereby remanded to the custody of the respondent, and leave to sue out writ of error is hereby granted, returnable March 14, 1939.

"DONE AND ORDERED at Miami, Florida, this 28th day of February, A. D. 1939."

It appears that it is not either necessary nor expedient to add anything to what the Circuit Judge has said. We concur in the views expressed and affirm his Order.

The judgment should be, and is, affirmed.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.