GERALDINE COLLIER v. L. R. BAKER, as Sheriff of Palm Beach County, Florida.

20 So. (2nd) 652            January Term, 1945
January 12, 1945            En Banc
Rehearing denied February 2, 1945.

*Pat Whitaker, E. M. Baynes* and *Beacham & Gaulden,* for petitioner.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for respondent.

SEBRING, J.:

The grand jury of Palm Beach County returned an indictment against one Eleck Cheney charging him with murder

in the first degree. Subsequent to the filing of the indictment the State Attorney of Palm Beach County summoned one Geraldine Collier to appear before him for the purpose of interrogating her under oath concerning her knowledge of the criminal charge against Cheney. Geraldine Collier obeyed the summons to appear but refused to be examined under oath concerning the alleged homicide, on the ground that she was a witness for the accused and expected to testify in his behalf when the case should be finally brought on for trial on the merits. At or prior to the time that Geraldine Collier had been summoned to appear before the State attorney she had not been served with process requiring her to appear and testify at the trial on the merits of the cause, either by the State attorney or accused's counsel, nor had she testified as a witness before the grand jury that returned the indictment.

A contempt proceeding was instituted by the State attorney against Geraldine Collier for her refusal to submit to interrogation under oath concerning the criminal charge against Cheney. At a hearing on the charge the circuit judge entered an order against Geraldine Collier commanding her to again appear before the state attorney for the purpose of submitting to interrogation under oath concerning the homicide, or be adjudged in contempt for failure so to do. In partial obedience to the court's order Geraldine Collier appeared before the State attorney, but again refused to be interrogated under oath concerning the facts of the alleged homicide within her knowledge, again urging the ground that she was a defense witness and could not be required by the prosecution to divulge the facts about which she intended to testify at the time of trial.

Because of her refusal to obey the order given, the trial court adjudged Geraldine Collier to be in contempt of court and sentenced her to the county jail of Palm Beach County for a period of ten days. She comes here by habeas corpus to seek an adjudication of the validity of the sentence.

The question posed for adjudication by petitioner in briefs, as limited, necessarily, by the facts apparent from the record, is whether, after a grand jury has investigated a homicide and has returned an indictment charging murder in the first

degree, but before arraignment and setting of the case for trial, the state attorney may use the process of the court to require persons who did not testify before the grand jury and who are not under subpoena as "defense" witnesses, and who know something about the facts of the crime, to come before him before trial and submit to interrogation under oath concerning such facts.

The petitioner freely admits that before an indictment is found by a grand jury in a case involving capital crime the state attorney has broad and complete authority to bring persons before him, or the grand jury, for examination under oath concerning the facts of the commission of such crime by another. She concedes that the state attorney is entitled to compulsory process to require witnesses to attend the trial on the merits—as is also the defendant. But she contends that once an indictment has been returned charging a person with the commission of a capital crime the state attorney is without power thereafter to require the compulsory appearance of persons before him for interrogation under oath regarding facts within their knowledge concerning the subject matter of the indictment.

The office of state attorney is created by the Constitution. He is a semi-judicial officer retained by the public for the prosecution of persons accused of crime. His duties are prescribed by statute. Within the limits of the Constitution and applicable statutes all steps in the prosecution of persons suspected of crime are under his supervision and control. By Section 27.04 Florida Statutes 1941 the state attorney "is allowed the process of his court to summon witnesses to appear before where such witnesses reside, and at such time as may be designated in the summons, to testify before him as to any violation of the criminal law upon which they may be interrogated, and he is empowered to administer oaths to all witnesses summoned to testify by the process of his court." This statute is remedial in nature and should be liberally construed, for without it the powers and duties of the state attorney would be greatly circumscribed. State ex rel. Cooper v. Coleman, 138 Fla. 520, 189 So. 691. We find nothing in the statute that attempts to limit the power of the state

attorney to interrogate witnesses, except that the subject matter of the interrogation be confined to the question of the violation of any criminal law.

Admittedly, the petitioner in this case was summoned to appear before the state attorney for the purpose of interrogation concerning the violation of criminal law. Her refusal to testify was based upon the ground that she was a witness for the defendant, Eleck Cheney, and expected to testify in his behalf when the case against him should finally come on for trial. But even if the fact that one was a "defense" witness could ever be successfully urged as a valid excuse for one's refusal to divulge facts within his knowledge which concerned the violation of the criminal laws, such ground could not avail the petitioner in the case at bar, for the record before us does not support her assertion that she was a "defense" witness; it being undisputed that at the time she was required by court order to appear before the state attorney for interrogation under oath, she was not under subpoena to testify at the trial of Eleck Cheney, either on behalf of the state or the accused.

After considering this matter upon the petition, writ, return and briefs the court holds the opinion that the petitioner is not unlawfully restrained of her liberty so the writ is discharged and the petitioner remanded for custody of the respondent.

It is so ordered.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, THOMAS and ADAMS, JJ., concur.