Suit for divorce by Hugh A. Reynolds against Virginia Reynolds, wherein a decree was entered ordering the plaintiff to pay support money for his daughter. From a decree adjudging the plaintiff in contempt for failing to perform provisions of the decree for payment of support money for his daughter, he appeals.
Decree affirmed.
After a hearing upon a citation for the nonpayment of support for his minor child the appellant was adjudged in contempt for failing to perform the exactions of a final decree entered in a suit for divorce brought by him. In the divorce action the wife was served with process by publication and did not appear in the suit until she filed a petition for the citation for nonpayment of the support money for the daughter. The wife and daughter were outside of the State of Florida during the pendency of the divorce action and the wife only has returned. She did not return to attend the contempt proceedings. The adjudication of contempt was appealed.
The question is: Did the court have the power and authority to decree that the plaintiff father should pay support money for his child when at the time of the entry of the final decree the wife and the infant child were without the State? It is a maxim of equity that it "acts in personam". The chancellor has jurisdiction over the plaintiff and the final decree of divorce required the plaintiff husband, who was seeking the divorce, to make payments for the support of his minor daughter. The fact that the daughter was domiciled or residing without the State is of no consequence, since the Chancellor had jurisdiction of the subject matter and over the plaintiff-appellant.
We have examined the other questions of error presented and fail to find harmful error.
The decree appealed is affirmed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.