QUESTION:
Does the state attorney have responsibility, absent express statutory authority, for representing the administrator of a private facility which has a contract to take patients in need of hospitalization pursuant to Part I, Ch. 394, F.S., in a habeas corpus proceeding involving a petition for involuntary hospitalization?
SUMMARY:
Absent express statutory authority, the state attorney is not responsible for representing the administrator of a private treatment facility, which has a contract to take patients in need of hospitalization pursuant to Part I, Ch. 394, F.S., in a habeas corpus proceeding involving a petition for involuntary hospitalization in which the state is not a party.
Your question is answered in the negative.
A state attorney is a constitutional officer charged by Art. V, s. 17, State Const., with the obligation to perform all duties prescribed by general law. For more than a hundred years these constitutional officers have carried out the duties prescribed by s. 27.02, F.S., as follows:
"The state attorney shall appear in the circuit and county courts within his judicial circuit and prosecute or defend on behalf of the state all suits, applications, or motions, civil or criminal,in which the state is a party. . . ." (Emphasis supplied.)
It has been indicated in Miller v. State, 28 So. 208 (Fla. 1900), that a state attorney has the common-law powers of a public prosecutor in enforcing the criminal laws of this state, in addition to the duties expressly required of him by statute. [But see Johns v. State, 197 So. 791 (Fla. 1940), stating that "the duties of state attorneys are expressly required to be prescribed by law." Accord: Collier v. Baker, 20 So.2d 652 (Fla. 1945); State v. Michell, 188 So.2d 684 (4 D.C.A. Fla., 1966), cert. disch.,192 So.2d 281.] See also AGO's 072-97, 071-28, and 070-1.
I have reviewed Ch. 394, F.S., the Florida Mental Health Act, as amended, and have found two sections that are concerned with the representation of the state by the state attorney. Section394.467(3), as amended by s. 8, Ch. 73-133, Laws of Florida, which prescribes the procedure for involuntary hospitalization, states that, upon filing of the proper petition in the court in the jurisdiction of which the petitioner is hospitalized, a hearing shall be held to determine the issue of the patient's need for hospitalization, and the judge shall serve notice on the administrator of the facility in which the patient is hospitalized and may serve notice on the state attorney of that judicial circuit, who shall represent the state.
It is noted that service of the above notice on the state attorney by the court is discretionary; but if the state attorney is served with a notice pursuant to s. 394.467(3), supra, it is my opinion that he has the responsibility to represent the state in the hearing. However, s. 394.467(3) does not expressly confer upon the state attorney the duty to represent the administrator of a private treatment facility but specifically states that he has the responsibility to represent the state in the hearing.
Section 394.459(10), F.S., as amended by Ch. 73-334, Laws of Florida, provides for habeas corpus proceedings by a person detained by a facility pursuant to Part I, Ch. 394, supra, to question the cause and legality of such detention and to request that the circuit court issue a writ of release. It is my opinion that the state attorney, pursuant to s. 27.02, F.S., has the duty to represent the state in such a proceeding if the state is a party to the action. However, the section is completely void of any expressed or implied duty on the part of the state attorney to represent the administrator of a private treatment facility in such proceedings brought pursuant to the aforementioned section where the state is not a party thereto.
Thus, it is my opinion, in the absence of a statute which expressly confers upon the state attorney the authority to represent the administrator of a private treatment facility in a habeas corpus proceeding in which the state is not a party pursuant to s. 394.459(10), supra, that he may not do so.