357 So.2d 1045 (1978)
GENERAL MOTORS CORPORATION, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 77-1836, 77-1855, 77-1948 and 77-1974.
District Court of Appeal of Florida, Third District.
April 11, 1978.
Rehearing Denied May 19, 1978.
*1046 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Thomas E. Scott, Jr., Miami, for petitioner.
Janet Reno, State's Atty. and Stephen V. Rosin, Asst. State's Atty., for respondent.
Before HENDRY and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
By petition for writ of certiorari filed by General Motors Corporation against the State of Florida, there is presented for review an order of the circuit court of Dade County denying a motion of General Motors to quash a subpoena duces tecum directed to it for production of designated documents, service of which was made by serving the Florida resident agent of General Motors, said subpoena having been issued at the instance of the State Attorney of Dade County under Section 27.04, Florida Statutes (1975) incident to a criminal investigation.
The petitioner contends the court departed from essential requirements of law by denying its motion to quash the subpoena duces tecum. In support thereof petitioner argues services on its resident agent was ineffective; that issuance of the subpoena duces tecum was improper in that the exclusive method to have been employed was that which is provided by Chapter 942, Florida Statutes (1975) relating to interstate extradition of witnesses; and that the subpoena was too broad.
In an opinion order, the trial court dealt with those contentions when raised in the circuit court, and correctly denied all of them except the contention that the subpoena was too broad. Agreeing with that contention, the court granted the motion as to certain paragraphs of the subpoena. The order of the trial court, which we hold correctly disposed of the questions involved, is deserving of being set out here. It was as follows:
"Pursuant to a request from the Office of the State Attorney, on July 29, 1977 the Clerk of the Circuit Court, Eleventh Judicial Circuit, Dade County, Florida, issued a subpoena duces tecum to General Motors Corporation, a Delaware corporation, registered to do, authorized to do, and doing business in Florida. On August 2, 1977, the subpoena duces tecum was served on C.T. Corporation Systems, the Florida designated resident agent for General Motors Corporation. General Motors Corporation is commanded by the subpoena duces tecum to bring certain corporate documents and records to the Office of the State Attorney for inspection on August 8, 1977. General Motors *1047 Corporation responded to the subpoena duces tecum on August 5, 1977, by filing a motion to quash the subpoena. In addition, General Motors Corporation has filed an affidavit stating that while some of the records and documents subpoenaed are in the possession of the Zone Office, Oldsmobile Division, General Motors Corporation, located in Jacksonville, Florida, the remaining subpoenaed documents and records are located outside the State of Florida. This matter, then, is before this Court pursuant to the motion of General Motors Corporation to quash the subpoena duces tecum issued at the behest of the Office of the State Attorney.
"The Uniform Law to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings, Chapter 942 of the 1975 Florida Statutes, as it is now worded is limited to acquiring the attendance and the testimony of witnesses located outside of Florida. There is presently a conflict of opinion regarding the applicability of the Uniform Law to a request for production of documents ancillary to a request for testimony. Compare In the Matter of Grothe, 59 Ill. App.2d 1, 208 N.E.2d 581 (1st D.C.A. 1965) with In re Saperstein, 30 N.J. Super. 373, 104 A.2d 842 (Super.Ct.App.Div. 1954) and In re Bick, 82 Misc.2d 1043, 372 N.Y.S.2d 447 (Sup.Ct. 1975). The Uniform Law does not, as it presently reads, apply to requests solely for the production of documents. Furthermore, as noted above, the Uniform Law applies only to witnesses located outside of Florida. Since the instant subpoena duces tecum requests only the production of documents and since it is directed to a foreign corporation authorized to do, registered to do and doing business in Florida, the Uniform Law is inapplicable.
"Section 607.327, Florida Statutes (1975), perspicuously provides that process may be served upon a foreign corporation pursuant to the provisions of Chapters 48 or 49 of the Florida Statutes. Sections 48.081(1) and (3), 48.091(1), and 48.181(2) Florida Statutes (1975), require every foreign corporation qualified to transact business in this state to designate a resident agent upon whom legal process may be properly served. Service of the instant criminal investigatory subpoena duces tecum upon C.T. Corporation Systems, the designated resident agent of General Motors Corporation was, therefore, authorized by and consistent with the provisions of Florida law.
"Once process is served on a party and in personam jurisdiction over said party is concomitantly conferred upon the Court, that party may be required by the court to perform acts outside the territorial jurisdiction of the court. Steele v. Bulova Watch Co., 344 U.S. 280, 73 S.Ct. 552, 97 L.Ed. 319 (1952); New York v. O'Neil [O'Neill], 359 U.S. 1, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959); Reynolds v. Reynolds, 41 So.2d 310 (Fla. 1949); and Singer v. Tobin, 201 So.2d 799 (3rd D.C.A. Fla. 1967). A subpoena duces tecum issued by a Court, consequently, reaches all documents under the control of the party required to produce them, even if those documents are located outside the territorial jurisdiction of the court. In re Consolidated Rendering Co., [80 Vt. 55], 66 A. 790 (Vt. 1907), aff'd sub nom. Consolidated Rendering Company v. Vermont, 207 U.S. 541, 28 S.Ct. 178, 52 L.Ed. 327 (1908); United States v. First National City Bank, 396 F.2d 897 (2nd Cir.1968); and In re Grand Jury Subpoena Duces Tecum, 72 F. Supp. 1013 (S.D.N.Y. 1947). The subpoena duces tecum served upon General Motors Corporation, therefore, properly requires the production not only of those documents located within Florida but also those documents located outside Florida.
"To avoid being overbroad a subpoena duces tecum must designate and specify with some degree of certainty and particularity the documents sought to be produced. State ex rel. Everglades Cypress Co. v. Smith, 104 Fla. 91, 139 So. 794 (1932). This test prohibits the issuance of subpoena duces tecum requiring the production of large numbers of documents merely to allow for a search through them to gather evidence. Imparate [Imparato] v. Spicola, 238 So.2d 503 (2nd *1048 D.C.A. Fla. 1970). The requests for production of documents in paragraphs 12, 13 and 17 of the instant subpoena duces tecum are overbroad. Furthermore, the documents requested in paragraphs 18 and 19 of the subpoena relate to a civil case and are, consequently, not relevant to a criminal investigation.
"Based on the foregoing statement of facts and conclusions of law made by this Court, it is
"ORDERED AND ADJUDGED that the motion of General Motors Corporation to quash the criminal investigatory subpoena duces tecum issued at the request of the Office of the State Attorney is denied with respect to paragraphs one through eleven (1-11) and fourteen through sixteen (14-16), and is granted with respect to paragraphs twelve, thirteen and seventeen through nineteen (12, 13, and 17-19).
"All Petitioners for Rehearing presently pending before the Court upon any subpoena are hereby denied;
"The Motion to Stay Production of documents pending outcome of the appeal is hereby granted and GENERAL MOTORS CORPORATION need not produce any documents until after all appellate rights of review from the orders of this Court have been exhausted."
We find no need to add to the foregoing decision and opinion of the circuit court, and no reason to disturb that decision other than to direct that following our denial of certiorari the trial court should enter an order fixing a date on or before which General Motors Corporation shall comply with the subpoena duces tecum, with the time for compliance so fixed being reasonably sufficient for the purpose, taking into consideration the nature and extent of the required performance or response to the subpoena duces tecum.
Accordingly, the application for writ of certiorari is denied, and the petition is dismissed.