KEHOE, Judge.
Petitioner, respondent below, brings this petition for writ of certiorari seeking review of an order entered by the Circuit Court, Eleventh Judicial Circuit, quashing a subpoena duces tecum issued at the request of the Office of the State Attorney. For the reasons set forth below, we grant the petition and quash the order under review.
This action was initiated by petitioner when an Assistant State Attorney requested the issuance of a subpoena duces tecum which reads in part, as follows:
“TO ALL AND SINGULAR THE SHERIFFS OF THE STATE OF FLORIDA: GREETINGS
We command you to summon BRENT JETT, CUSTODIAN OF RECORDS OF FLORIDA CULTURAL EXCHANGE, INC., or any other Director, Officer or Employee of FLORIDA CULTURAL EXCHANGE, INC., AS CUSTODIAN OF RECORDS
1995 Oakland Park Boulevard
Suite 375
Fort Lauderdale, Florida 33306
to be and appear before the State Attorney on the 6th Floor of the Metropolitan Dade County Justice Building, 1351 N.W. 12th Street, Miami, on the 22nd day of July, 1977 at 10:00 o’clock A.M. and to bring with him and produce for inspection all the following corporate records:”
The subpoena duces tecum was issued by the Clerk of the Circuit Court, Eleventh Judicial Circuit on July 5, 1977, and was returnable on July 22, 1977. On July 13, 1977, respondents, movants below, filed a motion to quash the subpoena duces tecum on the ground, among other grounds, that it failed to contain an ad testificandum clause. We note that neither the above quoted portion of the subpoena duces tecum nor the other unquoted portions contained an ad testificandum clause. Subsequently, the Circuit Court held a hearing on the motion and, thereafter, entered an order dated August 8, 1977, quashing the subpoena duces tecum on the ground that it failed to include an ad testificandum clause. From this order, petitioner brings its petition for writ of certiorari.
Petitioner contends that the Circuit Court departed from the essential requirements of law by quashing the subpoena duces tecum on the basis that Section 27.04, Florida Statutes (1975), limits the State Attorney to request the issuance of only subpoenae which require the person subpoenaed to testify, i. e., subpoenae with an’ad testifican-dum clause. Petitioner argues that the State Attorney is authorized to request both the issuance of subpoenae ad testifi-candum and subpoenae duces tecum. Further, petitioner argues that such subpoenae duces tecum are valid, even though they do not contain an ad testificandum clause.
*877 In response, respondents in their brief concede that the State Attorney has the authority to request the issuance of both subpoenae ad testificandum and subpoenae duces tecum. However, respondents argue that, pursuant to Section 27.04, Florida Statutes (1975), any such subpoenae duces tecum, to be valid, must contain an ad testificandum clause.
The basic question presented by the instant petition for writ of certiorari is whether a subpoena duces tecum, which the State Attorney may request to have issued pursuant to Section 27.04, must contain an ad testificandum clause to be valid. This was the precise question decided, adversely to petitioner, by the Circuit Court when it entered its order quashing the subpoena duces tecum issued at the request of the State Attorney.
It is undisputed, in the instant matter, that Section 27.04 gives the State Attorney the right to use the process of court to request the issuance of both subpoenae ad testificandum and subpoenae duces tecum. The only question for our review is whether such subpoenae duces tecum issued pursuant to the Section must contain an ad testi-ficandum clause. In answering this question, we note that the Supreme Court of Florida has held that Section 27.04, Florida Statutes (1975), is to be liberally construed because of its remedial nature. See Barnes v. State, 58 So.2d 157 (Fla.1951); and Collier v. Baker, 155 Fla. 425, 20 So.2d 652 (1945). Neither petitioner or respondents cite, nor does our independent research reflect, any controlling Florida authority on the question of whether subpoenae duces tecum must contain an ad testificandum clause to be valid.[1] However, this question has been raised and considered by the United States Supreme Court, as well as by other courts. Our study of the cases decided by these courts leads us to the conclusion that an ad testificandum clause is not essential to the validity of a subpoena duces tecum. See, e. g., Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911); McGarry v. Securities and Exchange Commission, 147 F.2d 389 (10th Cir. 1945); Duncan v. Carson, 127 Va. 306, 103 S.E. 665 (1920); and Commonwealth v. Southern Express Co., 160 Ky. 1, 169 S.W. 517 (1914). Based on this conclusion, we hold that a subpoena duces tecum, issued pursuant to the provisions of Section 27.04, Florida Statutes (1975), is valid, even though it contains no ad testificandum clause. Accordingly, the petition for writ of certiorari is granted and the order under review is quashed.
Granted.

. Compare General Motors Corp. v. State, 357 So.2d 1045 (Fla. 3d DCA, 1978).