The Honorable Michael J. Satz State Attorney Seventeenth Judicial Circuit Suite 600 Broward County Courthouse Fort Lauderdale, Florida 33301
Dear Mr. Satz:
This is in response to your request for a formal Attorney General Opinion asking substantially the following questions:
 1. ARE THE STATE ATTORNEYS AUTHORIZED TO ADOPT A CLASSIFICATION AND PAY PLAN WHICH PERMITS INDIVIDUAL STATE ATTORNEYS TO GRANT ADMINISTRATIVE LEAVE TO HIS OR HER EMPLOYEES ON SUCH DAYS AS ARE DECLARED BY THE COURTS OR LOCAL GOVERNMENTS TO BE HOLIDAYS ADDITIONAL TO THOSE PAID HOLIDAYS OTHERWISE PROVIDED FOR?
 2. IF QUESTION ONE IS ANSWERED IN THE AFFIRMATIVE, MAY THE CLASSIFICATION AND PAY PLAN AUTHORIZE SUCH ADMINISTRATIVE LEAVE WITH PAY?
 3. ARE THE STATE ATTORNEYS AUTHORIZED TO ADOPT A CLASSIFICATION AND PAY PLAN WHICH PERMITS THE DESIGNATION OF ADDITIONAL HOLIDAYS DECLARED BY THE COURTS AS `PAID HOLIDAYS' FOR THEIR EMPLOYEES?
As your questions as stated above present related issues, they will be answered together.
Section 27.25(1), F.S., provides express statutory authority and direction for the state attorneys of all judicial circuits to develop jointly a classification and pay plan for their employees in accordance with the policies and procedures of the Executive Office of the Governor established pursuant to s 216.181, F.S., and to submit such plan to the Judicial Administrative Commission and the offices of the President of the Senate and the Speaker of the House of Representatives on or before January 1 of each year. The employees of the state attorney have been exempted from the provisions of the Career Service System, see, s 110.205(2)(k), F.S. (1984 Supp.), exempting `[a]ll officers and employees of the judicial branch' from the Career Service System established by Part II of Ch. 110, F.S.; and thus are not subject to the classification and pay plans established by the Department of Administration for such career service positions. The employees of the state attorney's office, however, are covered by and subject to the provisions of Part I of Ch. 110, F.S. To the extent that Part I, Ch. 110, is generally applicable to all state employees, it appears that those provisions of Part I provide certain minimum requirements and standards with respect to the employees of the state attorneys and thus apply to any classification and pay plan developed by the state attorneys pursuant to s 27.25(1).
My analysis of the provisions of Part I of Ch. 110, however, failed to reveal any provision which circumscribes or limits the authority of the state attorneys of Florida to provide for administrative leave in any classification or pay plan developed in accordance with s 27.25(1), F.S., except to the extent that s110.118, F.S., and s 110.119, F.S. (1984 Supp.), specifically require the availability of particular types of administrative leave `without loss of pay' or other benefits. Cf., ss 110.121 and110.122, F.S., which expressly mandate certain procedures with respect to sick leave. Compare, Part II, Ch. 110, F.S., relating to the Career Service System and specifying in s 110.219(5), F.S., that the Department of Administration shall adopt rules to provide, inter alia, `holidays as provided in s. 110.117,' and nine different types of leaves of absence. See, Ch. 22A-8, F.A.C. (rules `governing the attendance and leave of employees in the Career Service System'). And see, Rule 22A-8.13, F.A.C., specifying particular types of administrative leave which are available for employees in the Career Service System and authorizing administrative leave for such employees be granted with pay.
As neither Part I of Ch. 110, F.S., nor any other statute which has been brought to the attention of this office, specifies particular types of leave or administrative leave, with the above noted exceptions, it thus appears that the state attorneys are authorized by s 27.25(1), F.S., to develop a classification and pay plan and that such plan may provide for the granting of leave by the individual state attorneys. When a general power has been granted to a public officer unaccompanied by definite directions as to how the power is to be exercised, such a grant implies the right to employ the means and method necessary to comply with the statute. See, In re Advisory Opinion to the Governor, 60 So.2d 285
(Fla. 1952); see also, AGO 81-100, citing 67 C.J.S. Officers s 103(a). In the absence of legislative clarification, I am unable to conclude that the legislative specification of eight paid holidays in s 110.117, F.S., precludes the state attorneys of Florida from providing in the classification and pay plan required by s 27.25(1) for administrative leave for their employees on such additional holidays as may be declared by the courts or local governments in their respective circuits and on which days access to the courts and government buildings containing the offices of the state attorneys may be restricted. Cf., AGO 83-69 (repeal of particular statutory provision relating to personal leave granted school boards greater freedom to formulate leave policies subject to limitation that if a type of leave is prescribed by law, board's discretion is limited thereby).
Accordingly, in light of the exemption of positions in the judicial branch from the Career Service System (and the statutory provisions and rules relating to leave for such career service employees) and in view of the provisions of s 27.25(1), F.S., it appears that the state attorneys have been granted the discretion to formulate the types of leave available to employees of their offices and the compensation for such leaves. This office is reluctant, however, to approve or disapprove of such provisions for leave as it cannot make the requisite policy determination for the state attorneys which is implicit in the state attorneys' implementation of s 27.25(1), nor can this responsibility be delegated to this office. See, AGO 83-69. While the state attorneys must make the determination as to the types of leave available to their employees and the compensation therefor, reference may be made to those provisions for career service employees which generally provide for administrative leave with pay.
Finally I note that you have also inquired whether the state attorneys of Florida are authorized to designate the observance of President's Day, or any additional holiday declared by the courts, as `paid holidays' for their employees. It appears that this portion of your inquiry arises as a result of s 110.117, F.S., which provides that the eight holidays enumerated therein `shall be paid holidays observed by all state branches and agencies.'
This office has previously stated that state attorneys have only such powers as have been expressly or by necessary implication delegated to them by the constitution or by statute. See, AGO 79-69; and see, Johns v. State, 197 So. 791 (Fla. 1940), stating that the duties of state attorneys are expressly required to be provided by law; s 17, Art. V, State Const., providing, interalia, that the state attorney `shall be the prosecuting officer of all trial courts in that circuit and shall perform other duties prescribed by general law.' Cf., s 5(c), Art. II, State Const. (powers, duties, compensation and method of payment of state officers shall be fixed by law); Collier v. Baker, 20 So.2d 652
(Fla. 1945); State ex rel. Martin v. Mitchell, 188 So.2d 684 (4 D.C.A. Fla., 1966), cert. discharged, 192 So.2d 281 (Fla. 1966). Therefore, in order for the state attorney to exercise a power, he must be able to point to some statutory or constitutional provision authorizing the exercise of such authority.
It is clear that the employees of the state attorneys' offices are subject to and governed by s 110.117, F.S., which by its express terms is applicable to all state branches and agencies. However, s27.25(1), F.S., in its direction to the state attorneys to develop a classification and pay plan for their employees appears to constitute a general grant of authority to the state attorneys to formulate certain personnel policies to be included within such plan. See, In re Advisory Opinion to the Governor, supra. In view of the exemption of the employees of the state attorneys' offices from the statute and rules regulating leaves and absences for career service employees and the provisions of s 27.25(1) which appear to grant the state attorneys the general authority to regulate personnel matters, I cannot state, in the absence of any legislative or judicial direction on this matter, that the state attorneys do not possess sufficient authority to develop a classification and pay plan which permits the designation of additional holidays declared by the courts as `paid holidays' for their employees.
Moreover, I note that under the current classification and pay plan, s 3.06(1) thereof provides that in addition to the eight enumerated holidays set forth in s 110.117, F.S., `[a]ny other workday designated as a holiday by the Secretary of Administration may be observed by the State Attorneys' Offices.' Compare, s110.117(2), F.S., authorizing the Secretary of the Department of Administration to designate any one other working day as a paid holiday for employees in the Career Service System. As this office stated in an informal opinion to you dated February 15, 1985, the classification and pay plan presently in effect for the employees of the state attorneys' offices is presumptively valid.
In sum, then, and unless and until legislatively clarified or judicially determined otherwise, I am of the opinion that the state attorneys are authorized to develop a classification and pay plan which permits individual state attorneys to grant administrative leave to his or her employees on such days as are declared by the courts or local governments to be holidays additional to those paid holidays otherwise provided for, in view of the provisions of s 27.25(1), F.S., which appear to grant the state attorneys the discretion to formulate the types of leave available to employees of their offices and the compensation therefor; however, in view of the general discretion as to personnel matters granted by s 27.25(1), and in the absence of legislative or judicial direction, I cannot state that the state attorneys do not possess sufficient authority to develop a classification and pay plan which permits the designation of additional holidays declared by the courts as `paid holidays' for their employees.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General