MORRIS, Judge.
Janet Landrum is charged with felony driving under the influence. In her attempt to suppress the results of a breath test, she sought the computer source codes of the breathalyzer equipment by serving a subpoena duces tecum on the registered Florida agent of CMI, Inc., the Kentucky-based manufacturer of the equipment. In this certiorari proceeding, we must decide if the circuit court departed from the essential requirements of the law in failing to quash the subpoena that was not issued in accordance with sections 942.01-.06, Florida Statutes (2009), the Uniform Law to Secure the Attendance of Witnesses from Within or Without the State in Criminal Proceedings (the Uniform Law). We answer this question in the negative because *694 the Uniform Law is not applicable to the facts of this case.
In the criminal proceeding below, Land-rum filed a motion to suppress the results of her breath test conducted on the Intoxi-lyzer 8000. Landrum argued that the results should be suppressed because the specific version of the Intoxilyzer 8000 used in her case was not the version approved for use by law enforcement in Florida and that the source codes of both versions are necessary to prove that fact. Landrum served a subpoena duces tecum on CMI’s registered agent in Florida, seeking the production of the source codes at a hearing on Landrum’s motion to suppress.
CMI appeared in the circuit court for the limited purpose of challenging the subpoena by a motion to quash. CMI argued that the source codes are highly valuable, proprietary trade secrets, “which CMI has taken extensive measures to protect from disclosure.” CMI sought to have the subpoena quashed on the basis that CMI is an out-of-state witness and the subpoena did not comply with the Uniform Law, which is the exclusive mechanism for compelling out-of-state witnesses to testify in Florida.
After hearing argument on the issue, the circuit court denied CMI’s motion to quash the subpoena, concluding that CMI was subject to the court’s subpoena power because CMI is a corporation with a registered agent in Florida and doing business in Florida. The circuit court held that it was bound by the holding in General Motors Corp. v. State, 357 So.2d 1045 (Fla. 3d DCA 1978). CMI filed a petition for writ of certiorari in this court seeking review of the circuit court’s order, and the circuit court stayed the matter pending this proceeding.
We must determine whether the circuit court’s order departs from the essential requirements of the law resulting in a material injury to CMI that is irreparable on appeal. See Price v. Hannahs, 954 So.2d 97, 100 (Fla. 2d DCA 2007). A departure from the essential requirements of law requires a violation of a clearly established principle of law resulting in a miscarriage of justice. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003). “ ‘[Cjlearly established law’ can arise from controlling case law that deals with the same issue of law.” Bermont Lakes, LLC v. Rooney, 980 So.2d 580, 586 (Fla. 2d DCA 2008) (quoting Kaklamanos, 843 So.2d at 890).
The Uniform Law allows for the testimony of material, out-of-state witnesses who would otherwise be beyond the subpoena power of the forum court, and it establishes uniformity in the procedure by which the out-of-state witnesses are compelled to participate in criminal proceedings. See §§ 942.01-.06; New York v. O’Neill, 359 U.S. 1, 9, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959). The Uniform Law has been adopted by all fifty states, see Dillingham v. Commonwealth, 995 S.W.2d 377, 382 (Ky.1999), and it has been interpreted in Florida to include requests for testimony accompanied by a request for production of documents, see State v. Bastos, 985 So.2d 37, 40 (Fla. 3d DCA 2008); see also Delit v. State, 583 So.2d 1083, 1085-86 (Fla. 4th DCA 1991).
In the instant case, Landrum sought only the production of documents. The subpoena deuces tecum did not seek testimony from any witnesses, out of state or otherwise. The request was directed to CMI’s registered agent in Florida. Although CMI maintains that it has no offices, employees, or documents in Florida, CMI does not contest that it has a registered agent in Florida and that it does business in Florida by selling its Intoxilyzer 8000 to law enforcement agencies.
*695 The only Florida decision materially on point is General Motors Corp., 357 So.2d 1045. That case holds that the Uniform Law does not apply to subpoenas duces tecum seeking only the production of documents from the registered agents of nonparty, out-of-state corporations engaged in business in Florida: “ ‘Since the instant subpoena duces tecum requested] only the production of documents and since it [was] directed to a foreign corporation authorized to do, registered to do[,] and doing business in Florida, the Uniform Law [was] inapplicable.’ ” Id. at 1047 (quoting with approval the circuit court order on review in that case); see also Bastos, 985 So.2d at 39 (quoting with approval this language from General Motors Corp.). The subpoena duces tecum issued to CMI requested only the production of documents, and the circuit court found (and it is undisputed) that CMI is a foreign corporation authorized to do, registered to do, and doing business in Florida. The circuit court properly followed the principles set forth in General Motors Corp. in concluding that the Uniform Law is inapplicable to these facts. Therefore, the circuit court did not depart from the essential requirements of the law by violating a clearly established principle of law.
Accordingly, we deny CMI’s petition for writ of certiorari.
DAVIS and KELLY, JJ., Concur.