PER CURIAM.
 

 Petitioner, CMI, Inc. (“CMI”), seeks certiorari review of a circuit court order entered in its appellate capacity. Multiple DUI defendants being prosecuted in the Seminole County Court served subpoenas duces tecum on CMI’s registered agent in the State of Florida. CMI is the Kentucky-based manufacturer of the Intoxilyzer 8000 instruments that were used to administer breath tests to each of the DUI defendants. The subpoenas duces tecum served by Respondents did not require witness testimony, but only sought the production of the source code for the software version used in the current Intoxilyzer 8000 instruments. CMI subsequently filed motions to quash the subpoenas duces tecum. The county court entered written orders denying CMI’s motions to quash.
 

 CMI subsequently filed petitions for writ of certiorari in the Circuit Court in Seminole County, which were consolidated, and argued that the county court departed from the essential requirements of law in denying the motions to quash the subpoenas. CMI asserted that the DUI defendants should not have been permitted to serve the subpoenas on its registered agent in Florida, but instead should have been required to follow the procedures of the “Uniform Law to Secure the Attendance of Witnesses from Within or Without
 
 *789
 
 the State in Criminal Proceedings” (“Uniform Law”).
 
 See
 
 §§ 942.01-.06, Fla. Stat. (2010). The circuit court denied CMI’s petition for writ of certiorari as to Respondents, concluding that the Uniform Law did not apply because the subpoenas served on CMI by Respondents did not require witness testimony, only the production of documents.
 
 [1]
 
 CMI now seeks second-tier certiorari review of that portion of the circuit court order which denied the petition for writ of certiorari.
 

 CMI entered a special appearance for the sole purpose of challenging the subpoenas duces tecum served on its registered agent. Therefore, the circuit court order which denied certiorari relief is final as to CMI.
 
 See
 
 Fla. R.App. P. 9.030(b)(2)(B).
 

 Kentucky and Florida, as well as the other forty-eight states, enacted the Uniform Law to establish uniformity in the procedure by which out-of-state witnesses may be compelled to participate in criminal proceedings.
 
 Yeary v. State,
 
 289 Ga. 394, 711 S.E.2d 694, 696 (2011). The requesting court must certify that the witness is material and specify the number of days the witness will be required. § 942.03(1). This triggers a hearing in the recipient state to determine whether to compel the attendance of the witness in the other state. § 942.02(1). The prevailing view is that the Uniform Law applies to subpoenas duces tecum that require both testimony of a witness and the production of documents.
 
 See State v. Bastos,
 
 985 So.2d 37 (Fla. 3d DCA 2008).
 

 If a subpoena duces tecum requires only the production of documents and is directed to a foreign corporation that is authorized and doing business in Florida, the Third District has held that the Uniform Law governing the attendance of out-of-state witnesses in criminal proceedings is inapplicable.
 
 See General Motors Corp. v. State,
 
 357 So.2d 1045, 1047 (Fla. 3d DCA 1978). There, a state attorney, incident to a criminal investigation, served a subpoena duces tecum on the registered agent of General Motors Corporation, a foreign corporation doing business within the State of Florida.
 
 Id.
 
 at 1046. The subpoena sought only the production of documents, not witness testimony. The corporation filed a motion to quash the subpoena and, after the circuit court denied the motion to quash except as to certain overbroad paragraphs, it petitioned for a writ of certiorari.
 
 Id.
 
 at 1046-47. The Third District denied the petition, and adopted the reasoning of the circuit court that 1) the Uniform Law applies only to witnesses outside of Florida, and 2) the Uniform Law does not apply to requests that seek only the production of documents.
 
 Id.
 
 at 1047-48.
 

 In a case similar to the instant one, the circuit court in
 
 CMI, Inc. v. Landrum,
 
 64 So.3d 693 (Fla. 2d DCA 2010),
 
 review denied,
 
 54 So.3d 973 (Fla.2011), concluding it was bound by the holding in
 
 General Motors,
 
 denied CMI’s motion to quash the subpoena duces tecum.
 
 Id.
 
 at 695. The Second District agreed and denied a petition for writ of certiorari. Landrum, a defendant charged with felony DUI, moved to suppress the results of her breath test and subpoenaed CMI to produce the source code for the machine approved for use in Florida and the source code for the machine actually used in her case.
 
 Id.
 
 at 693-94. The subpoena sought only the production of documents, not the testimony of an out-of-state witness, and was served on the registered agent of
 
 *790
 
 CMI, which was authorized and doing business in Florida.
 
 Id.
 
 at 694. Following the holding in
 
 General Motors,
 
 the circuit court denied CMI’s motion to quash the subpoena. The Second District concluded that because the defendant sought the production of documents and not testimony, the only Florida decision materially on point was
 
 General Motors. Id,,
 
 at 695. It therefore denied the petition, holding that the circuit court properly followed the principles set forth in
 
 General Motors
 
 in finding the Uniform Law inapplicable.
 

 The circuit court in the underlying case followed
 
 Landrum,
 
 which was directly on point and involved the same petitioner, CMI. While we recognize the narrow remedy of second-tier certiorari review,
 
 see Custer Medical Center v. United Automobile Insurance Co.,
 
 62 So.3d 1086 (Fla.2010), and generally will not review a circuit court decision that followed precedent from another district court of appeal, this is one of those rare cases where we find certiorari review appropriate. To support our finding, we find persuasive the case of
 
 Department of Highway Safety v. Nader,
 
 4 So.3d 705 (Fla. 2d DCA),
 
 review granted,
 
 36 So.3d 84 (Fla.2009), where the Second District granted second-tier certiorari relief from a circuit court order, even though the circuit court followed precedent from another district court of appeal.
 
 Id.
 
 at 706. Although the circuit court was bound by the controlling precedent, the Second District held that precedent violated clearly established statutory law.
 
 Id.
 
 at 711. Likewise, we hold that CMI is entitled to certiorari relief because
 
 Landrum
 
 violates the clearly established statutory procedures of the Uniform Law. This is an important issue that impacts not only CMI but all foreign corporations doing business in the State of Florida. Ultimately, the Florida Supreme Court may have to decide this issue. However, if we do not grant the petition, there will be no direct conflict for the supreme court to resolve. One district court of appeal, as the first to address an important issue, can bind all the circuit courts throughout the state if the other districts are unwilling to disturb precedent based on the general standard of limited review in second-tier certiorari proceedings.
 

 Designating an agent for service of process subjects a foreign corporation to the jurisdiction of the Florida court to adjudicate its rights and obligations in a legal dispute.
 
 See generally
 
 § 48.091, Fla. Stat. (2010). The registered agent has a limited role, and is not a corporate employee or custodian of corporate records. CMI is not involved in a legal dispute. Even if CMI is subject to the personal jurisdiction of Florida courts under the long-arm statute,
 
 [2]
 
 this does not mean that CMI is required to respond to a subpoena to appear and/or to produce documents in a Florida court in a criminal case in which it is not a party. Unlike personal jurisdiction over a foreign corporation registered and doing business within the State of Florida, the subpoena power of a Florida court over a person or legal entity which is not a party in a lawsuit does not extend beyond state lines.
 
 See
 
 § 914.001(1), Fla. Stat. (2010). The long-arm statute does not extend the subpoena power of a Florida court to command the in-state attendance of a nonresident, non-party person or entity, or compel that person or entity to produce documents.
 
 See Phillips Petroleum Co. v. OKC Ltd. P’ship,
 
 634 So.2d 1186 (La.1994);
 
 see also Syngenta Crop Prot., Inc. v. Monsanto Co.,
 
 908 So.2d 121 (Miss.2005). The only way to secure such out-of-state witnesses or documents in a criminal case is
 
 *791
 
 to follow the procedures of the Uniform Law.
 

 In
 
 Yeary,
 
 289 Ga. 894, 711 S.E.2d 694, the criminal defendant appealed her DUI conviction and challenged the trial court’s pretrial ruling that the source code for the Intoxilyzer 5000 was neither material nor relevant and could not be the subject of a production request under the Uniform Law.
 
 Id.
 
 at 695. The Georgia Court of Appeals upheld the trial court’s ruling for a different reason, finding that the Uniform Law could be used to obtain the testimony of an out-of-state witness and documents in the possession of the witness, but could not be used to request only the production of documents located in another state.
 
 Id.
 
 at 695-96. On certiorari review, the Georgia Supreme Court vacated the decision of the Court of Appeals.
 
 Id.
 
 at 698. While the Uniform Law speaks only to the securing of the attendance of an out-of-state witness, the Georgia Supreme Court noted that the statute has been construed to authorize issuance of a summons that requires the out-of-state witness to bring documents with the witness.
 
 Id.
 
 at 696. The Georgia Supreme Court recognized that an out-of-state corporation may be a material witness under the Uniform Law and may be in possession of material documentary evidence; when requesting documents, the proper procedure is for the corporation itself to identify the human agent through whom it will act, perhaps in conjunction with the hearing that would be held in the recipient state upon receipt of the certificate of materiality.
 
 Id.
 
 at 697.
 

 The Georgia Supreme Court distinguished
 
 General Motors
 
 on the basis that there was no evidence in
 
 Yeary
 
 that CMI was authorized to do business in Georgia, was registered to do business in Georgia, was doing business in Georgia, and had a registered agent in Georgia.
 
 Id.
 
 at 698. We do not find that distinction to be convincing, because even if CMI is doing business in another state and has a registered agent, it does not mean that it is located within that state and subject to a criminal court’s contempt power for failing to respond to a subpoena duces tecum from that state. We agree with the Georgia Supreme Court to the extent it holds that the Uniform Law applies not only to out-of-state witnesses, but also to out-of-state corporations which possess documents material to a criminal case.
 

 We therefore quash the portion of the circuit court order which denied the petition for writ of certiorari as to Respondents, and certify conflict with
 
 Landrum,
 
 and
 
 General Motors.
 

 PETITION GRANTED; ORDER QUASHED; CONFLICT CERTIFIED.
 

 GRIFFIN, LAWSON and COHEN, JJ., concur.
 

 [1]
 

 . The circuit court granted the petition for writ of certiorari with regard to other DUI defendants whose subpoenas duces tecum required both witness testimony and the production of documents.
 

 [2]
 

 .
 
 See generally
 
 § 48.193, Fla. Stat. (2010).